FILED
United States Court of Appeals
Tenth Circuit

June 17, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

ANTHONY T. WINSTON,

     Petitioner - Appellant,

v.

TERRY MARTIN, Warden,

     Respondent - Appellee.

No. 15-6022
(D.C. No. 5:14-CV-00977-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND
DISMISSING APPEAL**
_____

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.
_____

Anthony Winston, an Oklahoma state prisoner proceeding pro se, seeks to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition, claiming actual innocence and ineffective assistance of counsel. We construe pro se filings liberally. See Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). The district court dismissed Winston's petition as untimely. Winston now asks us to grant him a COA and hear his appeal. He also seeks permission to proceed *In Forma Pauperis*.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Winston concedes his petition is untimely under 28 U.S.C. § 2244(d)(1) but claims he is entitled to equitable tolling of the limitations period because he provides new, reliable evidence of his actual innocence. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" even where the § 2244(d)(1) limitations period has expired. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). But a tenable actual-innocence gateway plea requires a petitioner to persuade the district court that, in light of the "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," Schlup v. Delo, 513 U.S. 298, 324 (1995), "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin, 133 S. Ct. 1924 at 1928. Critically, "actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 615 (1998).

Winston's "evidence" takes two forms. First, he asserts the evidence against him was procured through a warrantless wiretap. But this claim goes to legal sufficiency, not factual innocence. See Bousley, 523 U.S. at 615. Second, he claims he "told his defense counsel that it was not his voice that was allegedly recorded by the police during the wiretap." But this is not new evidence. And in any event, Winston's own say-so lacks the reliability necessary to support an actual innocence claim. Schlup, 513 U.S. at 324.

In sum, we agree with the district court that Winston's appeal is a frivolous attempt to breathe life into meritless claims. Accordingly, Winston's request for a COA

is DENIED and his appeal is DISMISSED, and his Motion to Proceed *In Forma Pauperis* is DENIED.

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge